IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MICHAEL DAVIS,
   Petitioner,

v.

UNKNOWN,
   Respondent.

Civil Action No.
1:24-cv-00646-SDG

**OPINION AND ORDER**

This matter is before the Court on the Final Report and Recommendation (R&R) entered by United States Magistrate Judge Regina D. Cannon [ECF 2], who recommends that what she construed as Petitioner Michael Davis's petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed. As the R&R reasoned, because Davis's state habeas corpus petition remains pending in Richmond County Superior Court, he has not exhausted his state-court remedies as required by § 2254(b), and his petition is subject to dismissal under Rule 4.[1] Davis filed objections to the R&R [ECF 4], which undersigned now reviews *de novo*. 28 U.S.C. § 636(b)(1).

---

[1] Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, summary dismissal of a habeas petition under Rule 4 is proper if the petition and the attached exhibits plainly reveal that relief is not warranted. *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

1

In his objections, Davis clarified that his intent was not to file a § 2254 action, but rather to remove his Georgia habeas proceeding to this Court.[2] Removal, however, is improper here for two reasons. First, a case may be removed only by a defendant, which Davis is not for purposes of his state habeas proceeding. 28 U.S.C. § 1441(a). Second, there is no federal subject matter jurisdiction over Davis's state habeas proceeding—a matter of Georgia law—because, given that all parties are Georgia citizens, there is no diversity of citizenship. 28 U.S.C. § 1332(a); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Davis's petition must therefore be **DISMISSED**.

Davis's objections [ECF 4] are **OVERRULED**, and the R&R [ECF 2] as modified herein is **ADOPTED** as the order of this Court. To the extent necessary, this undersigned concludes that Davis has not met the standard of 28 U.S.C. § 2253(c)(2), and a Certificate of Appealability is **DENIED**. The Court declines to issue a certificate of appealability because resolution of the issues presented is not debatable. Accordingly, if Davis wants appellate review of this Order, he may seek a certificate of appealability from the Eleventh Circuit Court of Appeals under Federal Rule of Appellate Procedure 22. R. 11(a), R. Governing § 2254 Cases for the U.S. Dist. Cts. The Clerk is **DIRECTED** to mail a copy of this Order to Davis.

---

[2]   ECF 4, at 1.

3

The Clerk is further **DIRECTED** to close this case.

**SO ORDERED** this 6th day of January, 2025.

_____
Steven D. Grimberg
United States District Judge

3